UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAKESH (A#246-257-553),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06987-DAD-SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of India who entered the United States on March 5, 2023. ECF No. 1 at 3. He was subsequently encountered by immigration officials and detained. ECF No. 1 at 3. After four days, Petitioner was released on humanitarian parole. ECF No. 1 at 3. According to Petitioner, he applied for asylum within one year of his arrival and was granted a work permit and a Social Security number.

He was redetained by Immigration and Customs Enforcement ("ICE") at a regularly scheduled check-in appointment on June 19, 2026, based on his arrest for Driving Under the Influence on March 24, 2026. ECF No. 7-1 at 2. Petitioner attached numerous certificates of

completion for various self-improvement courses that he has taken while in immigration detention. ECF No. 1 at 10-20. He is currently detained at the Golden State Annex located in this judicial district. His § 2241 petition challenges his redetention without a predeprivation hearing as a violation of the Fifth Amendment's due process clause.

By way of an answer, Respondent indicates that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). ECF No. 7. According to Respondent, the only reason that Petitioner has not been provided a custody redetermination hearing pursuant to this statute is because Petitioner has not requested one. ECF No. 7 at 1. "Because Petitioner has not yet received a bond hearing because he has not requested one, the Court should either stay the case pending such a bond hearing, or order such a bond hearing, but should not order release or alter the burden of a § 1226(a) hearing." ECF No. 7 at 3. Additionally, Respondent contends that the § 2241 petition should be denied, or at a minimum stayed, because Petitioner has not exhausted his administrative remedies. Id. at 4-5.

Immigration documents attached to the answer confirm that Petitioner entered the U.S. without being inspected by immigration officials, and was subsequently detained on March 14, 2023 after being issued a Notice to Appear ("NTA") charging him as removable for being present without being admitted or paroled. ECF No. 7-1 (I-213 Form); ECF No. 7-2 (NTA). He was released on conditions of supervision including participation in the Alternatives to Detention ("ATD") program. ECF No. 7-1.

Petitioner's Rap Sheet indicates that he was arrested for Driving Under the Influence of Alcohol and Driving Under the Influence with a Blood Alcohol Concentration of .08 on March 24, 2026 in Fresno, California. ECF No. 7-4. The Rap Sheet does not indicate that Petitioner was convicted of either offense. ECF No. 7-4. On August 6, 2026, Petitioner was provided with a Notice of Custody Determination form that he refused to sign. ECF No. 7-5.

## II. Applicable Detention Statute

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen]

is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

## III. Analysis

Although the parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to a custody redetermination hearing before an immigration judge, that does not resolve the issue in this case. Liberally construing Petitioner's pro se pleading, as this Court is required to do, Petitioner raises a due process challenge to his detention without affording him any pre-deprivation hearing. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (requiring liberal construction of pro se habeas filings). Having reviewed the record in this case, the undersigned finds that Petitioner has a protected liberty interest in remaining free from custody based on his prior release from immigration detention pending removal proceedings. See Lopez v. Albarran, No. 1:25-CV-01890-DAD-SCR (HC), 2025 WL 3691082 (E.D. Cal. Dec. 19, 2025); Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025).

Having determined that Petitioner had a protected liberty interest, the question remains what process is due based on that interest. The Court applies the three factors announced in Mathews v. Eldridge, 424 U.S. 319 (1976), to answer this question.

**Private Interest**: The first factor unquestionably tilts in Petitioner's favor because he has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner was at liberty for over three years before being detained in this case. The duration of his freedom from detention underscores his liberty interest. See Pinchi v. Noem, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (in the past five years, petitioner developed

"extensive relations of support and interdependence" that "underscore the high stakes of [his] liberty."). In the time that Petitioner was at liberty, he not only studied to obtain a commercial driver's license, but he also secured employment as a long-haul trucker as a result. ECF No. 1.

**Risk of Erroneous Deprivation**: Second, the risk of erroneous deprivation also weighs in Petitioner's favor. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC); 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); A.E. v. Andrews, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) (stating that "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Petitioner was detained for nearly two months before Respondent offered him the opportunity for a bond hearing, despite being statutorily entitled to such process. This is also not a case where a post-deprivation remedy would be sufficient, as there was no particularized flight risk that "urgently require[d] arrest" such that a pre-deprivation hearing "would have been impracticable and/or would have motivated [petitioner's] flight." O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (quoting Martinez Hernandez v. Andrews, No. 1:25-cv-1035 JLT HBK, 2025 WL 2495767, at *11–12 (E.D. Cal. Aug. 28, 2025)). Under these circumstances, a pre-deprivation hearing before a neutral decisionmaker would have significant value in determining whether Petitioner's detention was necessary in the first place. Thus, the second Mathews factor favors Petitioner.

**Government Interest**: Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

For all these reasons, the undersigned finds that Petitioner is entitled to relief under the

Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondent's failure to provide Petitioner with any pre-deprivation hearing prior to detaining him (or to provide any custodial process for nearly two months after his arrest and detention). Respondent points to no reason a pre-deprivation hearing could not be held in this case. Accordingly, Petitioner's § 2241 application should be granted.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for the appointment of counsel (ECF No. 3) is denied as unnecessary in light of the recommended relief contained herein.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner RAKESH (A#246-257-553), from custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE