UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAKESH LNU[1],

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-06987-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 8)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 8.) Specifically, the magistrate judge determined that petitioner is entitled to release because the government violated his right to due process when it re-detained him without a pre-deprivation hearing. (*Id.* at 3–5.) The pending findings and recommendations were

/////

[1] Last Name Unknown.

served on the parties and contained notice that any objections thereto were to be filed within three (3) days of service. (*Id.* at 5.)

On September 21, 2026, respondent filed objections to the findings and recommendations. (Doc. No. 9.) Therein, respondent argues that the findings and recommendations ignore binding Ninth Circuit precedent which holds that 8 U.S.C. § 1226(a) complies with due process. (*Id.* at 1.) Respondent also argues that the findings and recommendations ignore the fact that petitioner was re-detained upon a finding that there were changed circumstances, namely, "a new law violation." (*Id.*) Respondent also contend that a bond hearing, not release, is the appropriate remedy if the court concludes that petitioner is entitled to process beyond that which is prescribed by the statute. (*Id.*)

As to respondent's first objection, the court notes that respondent has not identified any Ninth Circuit precedent in its filing. (*Id.*) However, it appears that respondent is referring to the Ninth Circuit's decision in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022), since respondent cited this case when it made the same argument in its answer to the petition. (Doc. No. 7 at 3–4.) As the magistrate judge noted, petitioner was previously released from immigration detention and remained at liberty for over three years before he was re-detained. (Doc. No. 8 at 2–3.) Because petitioner was previously released and remained at liberty for a period of time, *Rodriguez Diaz* is inapplicable to this case. *Andundia-Carillo v. Albarran*, No. 25-cv-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025) ("Unlike the petitioner in *Rodriguez Diaz*, Andundia-Carrillo was initially released and has remained released for years. *Rodriguez Diaz* therefore does not limit the Due Process rights of those petitioners whom the government had already voluntarily released.") (internal citation omitted); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("[T]he Ninth Circuit did not hold in *Rodriguez Diaz* that noncitizens facing removal under section 1226(a) have no due process right to a pre-detention hearing. It held only that a noncitizen detained under section 1226(a) does not have a right to a *second* bond hearing when the only changed material condition since their first bond hearing is the duration of their detention."). Accordingly, the court rejects respondent's first objection.

/////

As to respondent's second objection, the "new law violation" was an arrest for driving under the influence. (Doc. No. 7-1 at 2.) There is no evidence that criminal charges were filed in connection with his recent arrest. An arrest alone cannot constitute a sufficient basis to revoke petitioner's release without pre-deprivation due process. *Ortega Macario v. Albarran*, No. 25-cv-10885-TLT, 2026 WL 1916262, at *6 (N.D. Cal. Feb. 2, 2026) (citing cases and concluding that an arrest without any formal charges being filed did not justify re-detaining the petitioner without pre-deprivation process). Accordingly, the court rejects respondent's second objection.

As to respondent's third objection, a post-deprivation bond hearing simply cannot cure the due process violation that petitioner suffered when the government re-detained him without a pre-deprivation hearing. *Gudavasov v. Marin*, No. 5:26-cv-00541-AH-MBK, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (citing cases and holding that "that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing."). Accordingly, the court rejects respondent's third objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations filed on September 17, 2026 (Doc. No. 8) are ADOPTED in full;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Rakesh LNU, A-File No. 246-257-553, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about June 19, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a pre-deprivation hearing before an immigration judge where respondent will

have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE